UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

CONSTANTINE MURRELL,

                  Plaintiff,          **DECISION AND ORDER**

      v.                             6:22-CV-06019 EAW

DR. WILLIAMS and DR. ALBERT
GALANTE,

                  Defendants.

───────────────────────────────

## BACKGROUND

*Pro se* plaintiff Constantine Murrell ("Plaintiff"), an inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS") has filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that defendants Dr. Williams and Dr. Galante (collectively "Defendants") violated his constitutional rights by depriving him of adequate care for his medical and mental health needs. (*See* Dkt. 12).

The matter has been referred to the undersigned for all pre-trial matters excluding dispositive motions. (Dkt. 20; Dkt. 60). Currently pending before the Court are a motion to compel filed by Plaintiff (Dkt. 46) and a motion for an extension of the deadline to file dispositive motions filed by Defendants (Dkt. 52).[1] For the reasons

---

[1] Plaintiff has also filed a motion for summary judgment. (Dkt. 51). That dispositive motion is outside the scope of the referral order and will be resolved by the presiding district judge, Chief Judge Elizabeth A. Wolford, in due course.

set forth below, the Court denies Plaintiff's motion to compel and grants Defendants' motion for an extension of the dispositive motion deadline.

## DISCUSSION

### I. Plaintiff's Motion to Compel

Plaintiff has filed a motion to compel records from the Erie County Medical Center ("ECMC"). (Dkt. 46). Plaintiff identifies specific doctors at ECMC and states that he is requesting their medical findings and treatment plans regarding his medical conditions. (*Id.* at 2). Defendants have opposed Plaintiff's motion, arguing that: (1) Plaintiff's motion is untimely; and (2) Plaintiff seeks medical records regarding his treatment outside a DOCCS facility, which he could obtain from his own medical providers and which Defendants have no duty to obtain for him. (Dkt. 49).

As an initial matter, Defendants are correct that Plaintiff's motion to compel is untimely. Pursuant to the Scheduling Order entered by Magistrate Judge Marian W. Payson (to whom the matter was then referred for all non-dispositive pre-trial proceedings), motions to compel were due by no later than May 31, 2024. (Dkt. 34). Fact discovery also closed on May 31, 2024. (*Id.*). Plaintiff did not file his motion to compel until early August of 2024, more than two months past this deadline.

Federal Rule of Civil Procedure 16(b) requires the Court to enter a scheduling order limiting the parties' time to conduct discovery. "After the discovery period has closed, the Court will not reopen discovery absent a showing of good cause." *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, No. 3:17-CV-00973 (KAD), 2019 WL 7370367, at *1

(D. Conn. Apr. 8, 2019); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "[A] party seeking to file a motion to compel after discovery has closed must similarly establish good cause." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011). As a general rule, "[w]here a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." *Id.*

While Plaintiff is entitled to additional solicitude from the Court because of his *pro se* status, that status "does not function as a substitute for an actual showing of good cause." *Morales v. Mackenzie*, No. 5:17-CV-124, 2021 WL 1018614, at *2 (D. Vt. Mar. 17, 2021) (citation omitted). Nor has Plaintiff set forth any other basis on which the Court could determine that good cause exists. The record shows that in February of 2024, Defendants turned over to Plaintiff nearly 300 pages of medical records, which they represented were a "complete, true, and exact copy of the certified medical records for" Plaintiff. (Dkt. 42-1 at 2). To the extent Plaintiff believed Defendants had improperly failed to turn over medical records from ECMC, he had ample time to bring the issue to the Court's attention before the motion to compel deadline passed and fact discovery closed, yet he did not do so. Plaintiff's motion to compel is therefore appropriately denied as untimely.

Plaintiff's motion to compel also fails on the merits. A party's discovery obligation generally extends only to those "documents in their possession, custody or control." *Hill v. Curcione*, No. 07CV357, 2012 WL 1114003, at *2 (W.D.N.Y. Mar. 30,

2012); *see* Fed. R. Civ. P. 34. While "control" under Rule 34 "does not require that the party have legal ownership or actual physical possession of the documents at issue," it does require that the party have "the right, authority, or practical ability to obtain the documents from a non-party to the action." *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007) (citation omitted).

As already noted, Defendants have turned over to Plaintiff a complete copy of his DOCCS medical records. (Dkt. 42-1). These documents include records from when Plaintiff received outside treatment at ECMC while incarcerated. (*See, e.g., id.* at 57-58, 67-71). It thus appears that Defendants have provided to Plaintiff those records from ECMC that are within their "control" (*i.e.* because they had the practical ability to obtain these records from DOCCS). To the extent Plaintiff is seeking additional ECMC records that are not in the possession, custody, or control of either DOCCS or Defendants individually, this request is beyond the scope of Defendants' discovery obligation. *See Gracey v. Hofmann*, No. 1:06-CV-134, 2006 WL 8431799, at *2 (D. Vt. Oct. 6, 2006) (denying motion to compel because the defendants were not in possession of the medical records sought by the inmate plaintiff).

For these reasons, the Court denies Plaintiff's motion to compel.

## II.    Defendants' Motion to Extend the Dispositive Motion Deadline

Defendants seek an extension of the dispositive motion deadline set by Judge Payson for November 8, 2024. (Dkt. 52; *see* Dkt. 34). In their motion, filed on November 5, 2024—before the dispositive motion deadline had passed—Defendants note the pendency of Plaintiff's motion to compel and the possibility that additional

discovery will be ordered by the Court. (*See* Dkt. 52 at 1). On that basis, they seek to extend the dispositive motion deadline by 30 days. (*Id.*). Plaintiff has opposed Defendants' motion, arguing that they did not timely respond to his motion to compel. (Dkt. 55).

As noted above, a scheduling order may be modified only for good cause. *See* Fed. R. Civ. P. 16(b). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Here—contrary to Plaintiff's argument—Defendants timely responded to Plaintiff's motion to compel by filing a response on August 30, 2024, the deadline set by Judge Payson. (Dkt. 49; *see* Dkt. 47).[2] Then, when it became clear that the Court was not going to resolve Plaintiff's motion to compel prior to the dispositive motion deadline, Defendants sought an extension of the deadline prior to its expiration. The Court finds that Defendants acted with the requisite diligence.

In addition to diligence, the Court, "in the exercise of its discretion under Rule 16(b), also may consider other relevant factors," such as prejudice. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Plaintiff will not be prejudiced by granting Defendants' requested extension. Plaintiff has filed his own motion for summary judgment, as to which briefing is ongoing. (Dkt. 52; Dkt. 59). Permitting Defendants to also file a dispositive motion will not meaningfully delay the resolution of this matter, nor cause any other form of undue prejudice to Plaintiff.

---

[2] The record reflects that a copy of Defendants' response was appropriately served on Plaintiff. (*See* Dkt. 49-1).

For these reasons, the Court grants Defendants' motion for an extension of the dispositive motion deadline. Defendants may file a dispositive motion by no later than March 3, 2025.

## CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's motion to compel (Dkt. 46) and grants Defendants' motion for an extension of the dispositive motion deadline (Dkt. 52). Defendants may file a dispositive motion on or before March 3, 2025. **No extensions of this deadline will be granted barring extraordinary circumstances**.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: February 3, 2025
      Rochester, New York