UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONSTANTINE MURRELL,

                Plaintiff,

        v.

DR. WILLIAMS AND DR. ALBERT
GALANTE,

                Defendants.
_____

**DECISION AND ORDER**

6:22-CV-06019 EAW

### INTRODUCTION

*Pro se* plaintiff Constantine Murrell ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983. (Dkt. 1; Dkt. 7). The only claim that survived screening was an Eighth Amendment claim against defendant Dr. David Williams ("Dr. Williams"), the Facility Health Services Director at Attica Correctional Facility ("Attica"), and defendant Dr. Albert Galante ("Dr. Galante"), a Board-certified psychiatrist employed by the New York State Office of Mental Health to provide remote services for incarcerated individuals housed at Attica. Plaintiff alleges that Dr. Williams and Dr. Galante (collectively, "Defendants") violated his constitutional rights when they failed to treat his gastrointestinal conditions.

Pending before the Court are competing motions for summary judgment—one filed by Plaintiff (Dkt. 51) and one filed by Defendants (Dkt. 64). Because no reasonable jury could find for Plaintiff on his Eighth Amendment claim against Defendants, Defendants'

motion for summary judgment is granted (Dkt. 64) and Plaintiff's motion is denied (Dkt. 51).

## BACKGROUND

I. **Factual Background**

Plaintiff alleges in a verified amended complaint that on August 15, 2019, he was moved to Attica and complained of stomach pains, but he was not properly treated and developed an H. pylori infection, a bleeding stomach ulcer, and gastroesophageal reflux disease ("GERD"). (Dkt. 7 at 3-4; *see also* Dkt. 70 at ¶ 2). In support of his summary judgment motion, Plaintiff relies on these allegations. (Dkt. 51 at ¶ 17). By contrast, while Defendants acknowledge that Plaintiff made complaints of stomach pain, they contend that his issues were properly addressed by medical staff and, in any event, Dr. Galante was a psychiatrist who had no involvement with the treatment of Plaintiff's medical conditions. (*See* Dkt. 70).

In support of their request for summary judgment, Defendants each submit a declaration and they also rely on Plaintiff's certified medical records from Attica. (Dkt. 64-2; Dkt. 64-3; Dkt. 64-8; Dkt. 64-9). Plaintiff submits his own sworn declarations (*see, e.g.*, Dkt. 71 at 1-6, 30) and also relies on some of the same medical records (*id.* at 7-29).[1]

---

[1] Plaintiff has also filed additional documents, but these appear unrelated to this case and instead pertain to another lawsuit commenced by Plaintiff in this District. (*See* Dkt. 72; Dkt. 73).

**DISCUSSION**

I.   **Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, it finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). "The moving party bears the burden of showing the absence of a genuine dispute as to any material fact[.]" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). The non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654

F.3d at 358. Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## II.     Plaintiff's Eighth Amendment Claim

The Eighth Amendment protects incarcerated individuals from being subjected to cruel and unusual punishment, which may include prison officials' deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992). The deliberate indifference standard has both an objective and a subjective component. Plaintiff's medical needs must be objectively serious. "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Additionally, a plaintiff must establish that prison officials had actual knowledge of his serious medical needs but were deliberately indifferent. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). To establish indifference of a constitutional magnitude, a plaintiff must prove that "the defendants had a culpable state of mind and intended wantonly to inflict pain." *Frank v. County of Ontario*, 884 F. Supp. 2d 11, 18 (W.D.N.Y. 2012). An isolated failure

to provide medical treatment, without more, is generally not actionable unless the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment. *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987). "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011).

Defendants' declarations and the certified medical records establish that Plaintiff was seen repeatedly over several years regarding his gastrointestinal issues. The medical records establish that Plaintiff was evaluated upon admittance to Attica in August 2019, and despite complaints of a bleeding stomach ulcer, there was no proof of this. (*See* Dkt. 64-8 at 136). As for Dr. Williams, the evidence shows that he referred Plaintiff to the gastroenterology clinic on December 4, 2020, and again in August 2021. (Dkt. 64-3 at ¶¶ 15, 19; Dkt. 64-9 at 59, 66). Although there were COVID-related delays in getting treatment for Plaintiff by a specialist, Dr. Williams and other medical staff at Attica continued to monitor his condition. (Dkt. 64-3 at ¶ 16; *see generally* Dkt. 64-8; Dkt. 64-9). On May 7, 2021, and again on June 3, 2022, Plaintiff was seen by Dr. Chaudhry, a gastroenterologist. (Dkt. 64-3 at ¶¶ 17, 28). Dr. Chaudhry made several recommendations for future tests, including an ultrasound and biopsy for H. pylori, and an EGD to ensure Plaintiff did not have peptic ulcer disease, as well as a colonoscopy. (*Id.*; *see* Dkt. 64-8 at 60; Dkt. 64-9 at 40). The ultrasound performed on August 19, 2021, was unremarkable. (Dkt. 64-3 at ¶ 18; Dkt. 64-9 at 31, 60). Another ultrasound performed on November 23,

2022, noted a fatty liver but no other abnormalities. (Dkt. 64-9 at 35). The EGD was within normal limits, as was the colonoscopy. (Dkt. 64-3 at ¶ 30; *see* Dkt. 64-8 at 60). As for H. pylori, the medical records reveal that Plaintiff repeatedly tested negative for this, except one time in March 2022, at which point he was treated successfully and subsequently tested negative a few months later. (Dkt. 64-3 at ¶¶ 21-25; *see also* Dkt. 64-8 at 37, 106, 143, 146, 150; Dkt. 64-9 at 11). Because of his continued complaints, Plaintiff was seen at the Erie County Medical Center Gastroenterology Department on September 6, 2023, and he received further testing. (Dkt. 64-3 at ¶¶ 32-33; Dkt. 64-8 at 67-70; *see id.* at 44-48 (ECMC record noting generally normal results for various testing including "stomach appeared normal")). Plaintiff was never diagnosed with stomach ulcers. (Dkt. 64-3 at ¶ 35). And in addition to treatment for any gastroenterology issues, Dr. Williams treated Plaintiff on many other occasions and referred him to specialists for other medical issues. (*See* Dkt. 64-8 at 13, 24, 108, 119, 124, 126, 127, 128; Dkt. 64-9 at 57, 59, 64, 65, 66, 68).

With respect to Dr. Galante, he explains that he provides psychiatric treatment remotely for inmates housed at Attica. (Dkt. 64-2 at ¶ 5). Dr. Galante does not provide treatment for medical conditions other than psychiatric conditions and does not conduct physical examinations. (*Id.* at ¶¶ 7-8). Dr. Galante met Plaintiff several times remotely. (*See id.* at ¶¶ 15-19). Dr. Galante listened to Plaintiff's complaints about his gastrointestinal issues and determined that Plaintiff "was being treated by DOCCS medical for any complaints regarding his stomach and blood in his stool." (*Id.* at ¶ 20). But Dr. Galante did order a referral to DOCCS medical in May 2022, requesting Plaintiff "be

referred for a medical consultation for follow up on ultrasound exam results." (*Id.* at ¶ 22). Dr. Galante understood that Plaintiff was being treated by DOCCS medical staff. (*Id.* at ¶ 23).

In response to this proof, Plaintiff makes claims that contradict the certified medical records and contends that he was suffering from bleeding stomach ulcers left untreated, and he is "[b]leeding to this very day." (Dkt. 71 at 30). But Plaintiff's unsupported claims are not enough to create an issue of fact when the medical proof plainly establishes the care and treatment provided to Plaintiff. *See Blount v. Rastani*, No. 9:21-CV-147 (DNH/CFH), 2023 WL 5776449, at *7 (N.D.N.Y. Aug. 10, 2023) ("[C]ourts have granted summary judgment where a plaintiff's allegations are entirely unsupported by the medical records." (collecting cases)); *Perkins v. Presley*, No. 1:18-CV-03590-MKV, 2022 WL 769339, at *6 (S.D.N.Y. Mar. 14, 2022) ("Summary judgment is appropriate where, as here, medical records directly contradict Plaintiff's version of facts stated in his complaint and his Rule 56.1 Counter-Statement and where 'the record is devoid of evidence of any kind supporting [plaintiff's] description of his injuries—other than his own claims.'"); *King v. Shinder*, No. 16-CV-06315 (PMH), 2020 WL 4750294, at *8 (S.D.N.Y. Aug. 17, 2020) ("Plaintiff's assertion that he needs a hearing aid, unsupported by evidence in the record, is insufficient to defeat summary judgment for a deliberate indifference to medical needs claim."); *Miles v. Albany Corr. Facility*, No. 9:09-CV-1279 (LEK/ATB), 2011 WL 4499179, at *4 n.6 (N.D.N.Y. July 11, 2011) ("While plaintiff maintains his medical needs were treated with deliberate indifference, he has not submitted any evidence to dispute the medical records.

A *pro se* party's bald assertion, 'completely unsupported by the evidence,' is not sufficient to overcome a properly supported motion.").

Based on this record, a reasonable jury could not find in favor of Plaintiff on either the objective or subjective elements of his claim. The tests that Plaintiff underwent repeatedly came back as unremarkable with no evidence of a bleeding stomach ulcer. And the one-time positive test for H. pylori is not sufficient to meet the objective element of an Eighth Amendment claim. *See Robinson v. Edwards*, No. 04 CIV. 2804 (PAC), 2006 WL 1889900, at *10 (S.D.N.Y. July 5, 2006) ("Where a claim for deliberate indifference has been asserted on the basis of H. pylori infection, courts have rejected that such allegations constituted an Eight[h] Amendment or § 1983 violation."). Moreover, to the extent Plaintiff is claiming his treatment was delayed, there is no proof that Plaintiff faced any risk of harm because of an alleged delay—particularly where the tests ultimately administered did not support Plaintiff's claims of a bleeding stomach ulcer or other serious disease. *See Lawrence v. Evans*, 136 F. Supp. 3d 486, 489-90 (W.D.N.Y. 2015), *aff'd*, 669 F. App'x 27 (2d Cir. 2016) ("Where the claims concern the alleged inadequacy of treatment, as opposed to the complete denial of treatment, the seriousness inquiry is narrower. In such cases, the focus is on the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract.") (internal quotation marks and citations omitted).

Moreover, even if Plaintiff could establish an objectively serious medical condition, the undisputed facts establish that Plaintiff cannot meet the subjective component of an

Eighth Amendment violation. Plaintiff was regularly treated for the gastrointestinal issues about which he complained, even being referred to outside third parties for testing. Dr. Williams met with Plaintiff several times, created a treatment plan, ordered labs for Plaintiff, assured Plaintiff was seen by a gastroenterologist, and treated Plaintiff for his H. pylori infection. (*See* Dkt. 64-3); *Veloz v. New York*, 339 F. Supp. 2d 505, 526 (S.D.N.Y. 2004), *aff'd*, 178 F. App'x 39 (2d Cir. 2006) (holding that the defendants did not disregard an excessive risk to the plaintiff's health or safety when they routinely treated the plaintiff, including by ordering tests and referring the plaintiff to specialists). Defendants have put forward evidence that Plaintiff was seen repeatedly for his medical needs by Dr. Williams and non-defendant doctors. And Dr. Galante was treating Plaintiff remotely for his mental health issues—yet at one point asked for follow up concerning Plaintiff's gastrointestinal issues. Plaintiff's unsupported claims that he suffered from untreated bleeding stomach ulcers and related issues do not create an issue of fact. *Green v. Senkowski*, 100 Fed. App'x 45, 47 (2d Cir. 2004) (plaintiff's self-diagnosis unsupported by medical evidence, and contrary to the medical evidence on record, was insufficient to defeat summary judgment in a deliberate indifference claim). Because no reasonable jury on this record could find that Defendants' actions amounted to deliberate indifference, Defendants' cross motion for summary judgment is granted, and Plaintiff's motion for summary judgment is denied.

## **CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff's motion for summary judgment (Dkt. 51) and grants Defendants' cross motion for summary judgment (Dkt. 64). The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

SO ORDERED.

                                                                  _____
                                                                  ELIZABETH A. WOLFORD
                                                                  Chief Judge
                                                                  United States District Court

Dated:       August 8, 2025
               Rochester, New York